**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NEW MEXICO STATE UNIVERSITY and NEW MEXICO STATE UNIVERSITY BOARD OF REGENTS,<br><br>    Defendants. | Civil Action No. 16-911<br><br>Jury Trial Demanded |

**COMPLAINT**

Plaintiff United States of America alleges:

1. This action is brought on behalf of the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue is proper in the United States District Court for the District of New Mexico pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to this cause of action took place in this judicial district.

## PARTIES

4. New Mexico State University is a major public research university that operates campuses in the State of New Mexico, and therefore is a public agency, political subdivision, and/or instrumentality of the State of New Mexico.

5. The New Mexico State University Board of Regents is a corporate body charged with managing New Mexico State University and setting the salaries of New Mexico State University's employees.  N.M. STAT. ANN. §§ 21-8-3, 21-8-5 (West 1978).  The New Mexico State University Board of Regents therefore also is a public agency, political subdivision, and/or instrumentality of the State of New Mexico.

6. New Mexico State University and the New Mexico State University Board of Regents (together "NMSU") are persons within the meaning of 42 U.S.C. § 2000e(a) and employers within the meaning of 42 U.S.C. § 2000e(b).

7. Meaghan Harkins ("Harkins"), a woman, was employed by NMSU between March 2008 and December 2011, and worked with the track and field program throughout.

8. Harkins timely filed a charge of discrimination against NMSU with the Equal Employment Opportunity Commission ("EEOC") on or about May 10, 2012 (Charge No. 543-2012-01044).

9. Pursuant to Section 706 of Title VII, as amended, 42 U.S.C. § 2000e-5, the EEOC investigated the charge of discrimination filed by Harkins and found reasonable cause to believe that she was discriminated against with respect to compensation because of her sex.  The EEOC referred the matter to the United States Department of Justice after an unsuccessful attempt to voluntarily resolve the charge via conciliation.

10. All conditions precedent to the filing of this Title VII suit have been performed or have occurred.

## COMPENSATION DISCRIMINATION CLAIM

11. In or about January 2008, Harkins began volunteer coaching with NMSU's track and field program.

12. In or about March 2008, Harkins was hired by NMSU as a specialist with the track and field program.

13. In or about July 2009, Harkins entered into an employment contract with NMSU and became an assistant coach with the track and field program. Her annual salary was set at $23,998.43.

14. Harkins and NMSU renewed her employment contract annually.

15. During the relevant time period, two other NMSU employees served as assistant coaches with the track and field program. Both were men.

16. One of the male assistant coaches entered into an employment contract with NMSU and became an assistant coach with the track and field program in or about August 2007, with an annual salary of $29,500. His annual salary was raised to $30,090 in July 2008, where it remained until September 2011 when he resigned.

17. The other male assistant coach entered into an employment contract with NMSU and became an assistant coach with the track and field program in or about August 2007, with an annual salary of $28,000. His annual salary was raised to $28,560 in July 2008, where it remained until December 2011 when Harkins resigned.

18.	Harkins and the two male assistant coaches all reported directly to Orin Richburg, the head coach for the track and field program at NMSU, throughout their employment.

19.	The two male assistant coaches had duties and responsibilities similar to, or no more demanding than, Harkins.

20.	When the two male assistant coaches were hired in or about July 2007, they had similar levels of coaching experience and similar backgrounds as Harkins did when she became an assistant coach in or about July 2009.

21.	In or about March 2011, Harkins complained to the Sport Administrator for the track and field program, James Hall ("Hall"), that she wanted to receive equal pay for equal work.

22.	In or about June 2011, Hall told Harkins that her request was still being considered by Human Resources, but that the Athletic Director Dr. Boston McKinley specifically stated that he "does not have a problem excepting [sic] [her] letter of resignation."

23.	In July 2011, Harkins' annual salary was raised to $26,079.

24.	Harkins submitted a letter of resignation to NMSU in or about September 2011. She and NMSU negotiated to delay her resignation until December 15, 2011 in exchange for a retention bonus.

25.	In or about September 2011, Harkins took on the duties and responsibilities that had been performed by the male assistant coach who resigned at this time, in addition to her pre-existing duties and responsibilities.

26.	Harkins resigned from her employment with NMSU effective in or about December 2011.

## **PRAYER FOR RELIEF**

27. WHEREFORE, the United States prays that the Court grant the following relief:

(a) Enjoin NMSU from engaging in discrimination, in violation of Title VII, against any employee or applicant for employment.

(d) Award backpay and all other appropriate monetary and equitable relief, including the value of lost employment benefits, to Harkins, in an amount to be determined at trial in order to make her whole for the loss she suffered as a result of the discriminatory conduct alleged in this Complaint;

(d) Award Harkins any prejudgment interest on the amount of lost wages and benefits determined to be due;

(e) Award compensatory damages to Harkins to fully compensate her for the pain and suffering caused by the discriminatory conduct alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a;

(f) Order NMSU to institute policies, practices, and programs to ensure a non-discriminatory workplace, including but not limited to implementing appropriate policies and providing adequate training to all employees and officials regarding compensation discrimination;

(g) Award such additional relief as justice may require, together with the United States' costs and disbursements in this action.

## JURY DEMAND

28. The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

>	VANITA GUPTA
>	Principal Deputy Assistant Attorney General
>	Civil Rights Division

BY:

>	/s/ Delora L. Kennebrew
>	DELORA L. KENNEBREW (GA Bar No. 414320)
>	Chief
>	Employment Litigation Section
>
>	/s/ Meredith L. Burrell
>	MEREDITH L. BURRELL (MD Bar, no number issued)
>	Deputy Chief
>	Employment Litigation Section
>	Meredith.Burrell@usdoj.gov
>
>	/s/ Kathleen O. Lawrence
>	KATHLEEN O. LAWRENCE (DC Bar, 1011297)
>	EMILY A. GIVEN (NY Reg. No. 5420211)
>	Trial Attorneys
>	U.S. Department of Justice
>	Civil Rights Division
>	Employment Litigation Section
>	950 Pennsylvania Avenue, NW
>	Patrick Henry Building, Room 4239
>	Washington, DC 20530
>	Kathleen.Lawrence@usdoj.gov
>	Telephone:  (202) 616-2991
>	Facsimile:   (202) 514-1005

       DAMON P. MARTINEZ
       United States Attorney
       District of New Mexico

BY:

       /s/ Ruth F. Keegan
       RUTH F. KEEGAN (NY Reg. No. 2496859)
       Assistant United States Attorney
       United States Attorney's Office
       District of New Mexico
       201 3rd St. NW, Suite 900
       Albuquerque, NM 87102
       Ruth.F.Keegan@usdoj.gov
       Telephone:  (505) 346-7274

       Attorneys for Plaintiff United States of America