IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                           1:16-cv-00911-JAP-LF

NEW MEXICO STATE UNIVERSITY
and NEW MEXICO STATE UNIVERSITY
BOARD OF REGENTS,

      Defendants.

**ORDER DENYING NMSU'S MOTION FOR LEAVE TO INCREASE
THE NUMBER OF INTERROGATORIES AND REQUEST FOR HEARING**

THIS MATTER comes before the Court on defendants New Mexico State University and New Mexico State University Board of Regents' (collectively "NMSU") Opposed Motion Filed on Behalf of New Mexico State University for Leave to Increase the Number of Interrogatories to be Answered by Plaintiff and Extension of Time for Filing the Answers, filed October 26, 2017 (Doc. 159), and Request for Setting Hearing regarding the motion, filed November 16, 2017 (Doc. 184). Plaintiff United States of America filed its response on October 31, 2017 (Doc. 163), and NMSU filed a reply on November 14, 2017, (Doc. 181).

In its motion, NMSU asks the Court to extend the maximum number of interrogatories it may serve on the United States and for an extension of time for the United States to respond. Doc. 159. NMSU further requests a hearing on the motion. Doc. 184. Having reviewed the submissions of the parties and the relevant law, the Court finds that a hearing is unnecessary and will deny the request. The Court further finds that the motion is not well taken and will DENY it because it is untimely and NMSU has not demonstrated excusable neglect for its failure to file it on time.

The Federal Rules of Civil Procedure provide that, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." FED. R. CIV. P. 33(a)(1). In this case, the parties agreed to serve a maximum of 25 interrogatories on the other party. Doc. 22 at 9. Based on this agreement, the Court issued a scheduling order on October 17, 2016 that set the maximum number of interrogatories each party may serve on the other party at 25. Doc. 27 at 1. The Local Rules require that, unless otherwise ordered by the Court, a party must file a motion seeking leave to serve more interrogatories than allowed by FED. R. CIV. P. 33. *See* D.N.M.LR-Civ. 26.5(b) ("[A] party *must* file a motion in accordance with D.N.M.LR-Civ. 7, which sets forth the proposed interrogatories and explains why they are necessary.") (emphasis added). The Court's scheduling order advised the parties that "[a]ny requests for additional discovery must be submitted to the Court by motion *prior to the expiration of the discovery*." Doc. 27 at 2 (emphasis added). Despite these requirements, NMSU did not file its motion seeking additional interrogatories until after the fact discovery deadline passed. It therefore is untimely.

Throughout the course of discovery, the parties requested several extensions of the scheduling order deadlines, which the Court granted. *See* Docs. 43, 72, 79. In the Court's most recent order, fact discovery was to be completed no later than October 10, 2017. Doc. 79. On September 6, 2017, NMSU propounded discovery to the United States that included interrogatories 26 through 32—seven more than allowed in the scheduling order—without first seeking leave to serve the additional interrogatories. *See* Doc. 159 at 2–4. On October 6, 2017, the United States served its responses and objected to interrogatories 26 through 32 because they exceeded the number of interrogatories permitted by the scheduling order, and NMSU had not

filed a motion for leave to serve additional interrogatories. Doc. 159 at 2; Doc. 163-1 at 7–9. Instead of seeking leave to serve the additional interrogatories prior to the October 10, 2017 deadline, NMSU waited until over two weeks after the deadline to file its motion. Doc. 159 (filed October 26, 2017).

The Court may, for good cause, extend the time "on [a] motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(1)(B). As the United States points out,

> To demonstrate "excusable neglect" in these circumstances, NMSU must show both "good faith" in seeking the additional time to complete its discovery and "a reasonable basis for not complying within the specified time period." *Estate of Anderson v. Denny's Inc*., 291 F.R.D. 622, 631–31 (D.N.M. 2013) (citing *In re Four Season Sec. Law Litig*., 493 F.2d 1288, 1290 (10th Cir. 1974)).

Doc. 163 at 5. The Supreme Court has observed that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The Supreme Court also observed, however, that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id*. at 392; *see also Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) (It is well established in the Tenth Circuit "that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)."). "Even after *Pioneer* adopted an equitable[] balancing test, several circuits have embraced the rule that the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (collecting cases) (internal citations and quotations omitted).

3

Further, whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer,* 507 U.S. at 395. To that end, in determining whether a movant has shown excusable neglect, a court should consider: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith. *See Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir.2006) (unpublished) (internal citations omitted). The reason for the delay is an important, if not the most important, factor in this analysis. *Torres*, 372 F.3d at 1163.

NMSU's proffered reasons for failing to seek leave prior to the close of fact discovery do not constitute excusable neglect. NMSU first contends that counsel mistakenly applied the interrogatory number limits applicable in state court as opposed to the limits in the scheduling order. Doc. 181 at 3. NMSU identified its mistake after the United States submitted its responses on October 6, 2017. *Id.* NMSU then took "action . . . to address the deficiencies in the United States' [d]iscovery [r]esponses." *Id.* That "action," however, did not include filing a motion seeking leave for additional interrogatories prior to the October 10, 2017 deadline.[1] NMSU explains that it was trying to work out discovery disputes with the United States before filing a motion. Doc. 181 at 5. While the Court appreciates any attempt by the parties to resolve their differences, NMSU did not begin to attempt to work out those disputes until October 19, 2017—nine days after the fact discovery deadline—and did not address the issue of the seven additional interrogatories in her October 19, 2017 letter. *See* Doc. 181 at 3; Doc. 181-1. NMSU also explains that it was busy addressing discovery issues and responding to discovery during

---

[1] Counsel for NMSU has represented litigants in this Court for more than 15 years and should be familiar with its rules and procedures.

4

this time frame, thereby neglecting to file a motion for additional interrogatories. *See* Doc. 181 at 4–5. Although the Court is sympathetic to the large amount of time and energy that fact discovery in this case has consumed, that counsel is overwhelmed with other tasks does not constitute excusable neglect.

Further, this is not the first time NMSU has been untimely in seeking leave from the Court. Rather, NMSU has demonstrated a consistent pattern of disregard for the deadlines throughout the course of discovery. For example, NMSU failed to seek an extension of time to respond to the United States' first set of discovery requests until after its deadline to respond had passed. Doc. 44 at 2. After the United States agreed to an extension, NMSU failed to respond by the agreed-upon date. *Id.*; *see also* Doc. 70 at 1–2 (in addressing the timeliness issue, the Court found that NMSU's response was untimely, but nonetheless addressed the merits).[2] NMSU filed its response to the United States' first motion to compel more than 14 days after the deadline.[3] Docs. 45, 46. NMSU failed to comply with the Court's June 30, 2017 order requiring that descriptions of certain searches be produced by July 12, 2017. *See* Docs. 113 at 3, 113-1 at 2 n.1. Just recently, on November 14, 2017, this Court granted the United States' motion to quash subpoenas in part because NMSU was not diligent in seeking the information, and because it served the subpoenas after the discovery deadline had passed.[4] Doc. 179. NMSU's instant motion is the latest in a series of failures to respect the deadlines in the Federal Rules of Civil

---

[2] NMSU offered a similar explanation for its failure to serve timely responses—that it was working on the responses—as it does for failing to seek leave to serve additional interrogatories—that it was working on other discovery matters in this case. *Compare* Doc. 70 *with* Doc. 181 at 4–5.

[3] Following a status conference, the Court found the response timely due to an ambiguity created by the new Federal Rules and the local rules. Docs. 52, 53.

[4] The subpoenas were issued October 31, 2017, twenty-one days after the close of fact discovery. NMSU failed to seek leave to reopen discovery prior to issuing the subpoenas to third parties. *See* Docs. 179, 180.

Procedure and those set by the Court.  NMSU's disregard for these rules does not exhibit good faith.

Finally, the fact discovery phase of this case was pending for almost a year.  Allowing additional interrogatories at this point would require reopening fact discovery and cause further delay.  The United States would have to respond to the additional interrogatories without the benefit of a commensurate expansion of its own discovery requests, which would be unfair.  In short, the *Pioneer* factors weigh decidedly in favor of denying NMSU's motion.

For the foregoing reasons, the Court finds that NMSU has not demonstrated excusable neglect for failing to request leave for additional interrogatories prior to the end of the discovery deadline.

ITS IS THEREFORE ORDERED that defendants' Opposed Motion Filed on Behalf of New Mexico State University for Leave to Increase the Number of Interrogatories to be Answered by Plaintiff and Extension of Time for Filing the Answers, (Doc. 159), is DENIED.

IT IS FURTHER ORDERED that defendant's corresponding Request for Setting Hearing (Doc. 184) is DENIED.

_____
Laura Fashing
United States Magistrate Judge