# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                              **No. 16-CV-911-JAP-LF**

**NEW MEXICO STATE UNIVERSITY**
**and NEW MEXICO STATE**
**UNIVERSITY BOARD OF REGENTS,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

The United States of America (Plaintiff or the United States) filed suit against Defendants New Mexico State University and New Mexico State University Board of Regents (collectively, Defendants or NMSU) to enforce the provisions of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*[1] The United States alleges that Defendants engaged in pay discrimination against former employee Meaghan Harkins (Ms. Harkins) in violation of Title VII, and it requests both compensatory damages and injunctive relief. Defendants have moved for partial summary judgment on Plaintiff's claim for injunctive relief, and that motion has been fully briefed.[2] The Court will deny the Motion.

## I.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] *See* COMPLAINT (Doc. No. 1).
[2] *See* NEW MEXICO STATE UNIVERSITY'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING INJUNCTIVE RELIEF (Doc. No. 143) (Motion); UNITED STATES'RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING INJUNCTIVE RELIEF (Doc. No. 188) (Response); DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. No. 227) (Reply).

56(a). When applying this standard, the Court "'view[s] all evidence and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party.'" *Riser v. QEP Energy*, 776 F.3d 1191, 1195 (10th Cir. 2015) (quoting *Croy v. Cobe Labs. Inc.*, 345 F.3d 1199, 1201 (10th Cir. 2003). A "material" fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).

## II. DISCUSSION

Plaintiff alleges that because of Ms. Harkins' gender, Defendants paid her less than they paid two male employees in similar positions. The factual background of this claim is set forth in the Court's Memorandum Opinion and Order denying summary judgment (Doc. No. 259), and the Court will not repeat it here. In addition to compensation for Ms. Harkins and reimbursement of its own costs, Plaintiff asks the Court to "[e]njoin NMSU from engaging in discrimination, in violation of Title VII, against any employee or applicant for employment" and "[o]rder NMSU to institute policies, practices, and programs to ensure a non-discriminatory workplace, including but not limited to implementing appropriate policies and providing adequate training to all employees and officials regarding compensation discrimination[.]" Compl. ¶ 27. Defendants contend that, as a matter of law, the Court may not grant Plaintiff injunctive relief because Plaintiff did not allege a pattern or practice of discrimination.

Defendants argue that a single discriminatory act can never warrant an injunction without proof of a pattern or practice of discrimination. Of the cases Defendants cite, only a few district court cases provide support for this categorical statement. *See Drez v. E.R. Squibb & Sons, Inc.*,

674 F.Supp. 1432 (D.Kan. 1987) ("The court can summarily dismiss plaintiff's requested injunctive relief. When there is no proof of a pattern or practice of discrimination, an injunction barring an employer from continuing alleged discriminatory practices is not appropriate."); *Kulling v. Grinders*, 185 F. Supp. 2d 800, 822 (E.D. Mich. 2002) (same, quoting *Drez*). *EEOC v. RadioShack Corp.*, Civil No. 10–cv–02365–LTB–BNB, 2012 WL 6090283, at *6 (D. Colo. Dec. 6, 2012) (unreported) (same, quoting *Drez*). The Court is not bound by these cases, and it does not find them persuasive because they limit the discretion of the Court and contradict the standard for the exercise of that discretion as it has been articulated by the United States Supreme Court and the Tenth Circuit Court of Appeals.

If a violation of Title VII is proven, "the court may enjoin the respondent from engaging in such unlawful employment practice, and order . . . any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e-5(g)(1). Injunctive relief is appropriate if the plaintiff demonstrates that "'there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.'" *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1230 (10th Cir. 1997) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). Factors the Court will consider are the character of the violation, the effectiveness of any changes instituted subsequent to the violation, and the credibility of any expressed intent to comply with the law. *See id.* However, the final determination is based on the totality of the circumstances. *See id.* The Court has the discretion to determine an appropriate equitable remedy based upon the particular facts of the case. *EEOC v. Wal-Mart Stores, Inc.*, 11 F. Supp. 2d 1313, 1330 (D.N.M. 1998), *aff'd*, 202 F.3d 281 (10th Cir. 1999).

"[I]njunctive relief is not limited to cases in which there is a pattern or practice of discrimination." *EEOC v. Beverage Distribs. Co., LLC*, 2013 WL 6458735, at *9 (D. Colo. Dec. 9, 2013), *rev'd in part on other grounds*, 780 F.3d 1018 (10th Cir. 2015). "Instead, the apt inquiry is not whether . . . other employees have been discriminated against; it is whether the evidence presented at trial demonstrates a danger of recurrent violations." *Id.*; *see also EEOC v. Wal-Mart Stores, Inc.*, 202 F.3d 281, 1999 WL 1244485 (10th Cir. Dec. 21, 1999) (affirming district court's grant of injunctive relief in a single plaintiff case). Even the majority of the cases Defendants rely on do not support the legal bar Defendants assert. Rather, they conclude that in a particular case based on a single violation, the evidence as a whole did not demonstrate a cognizable danger of future violations. *See, e.g.*, *Garrison v. Baker Hughes Oilfield Operations, Inc.*, 287 F.3d 955, 963 (10th Cir. 2002) (injunctive relief was not appropriate when the evidence established only a single incident of discrimination and no danger of recurrent violations).

Plaintiff argues that because Defendants misstate the law, Defendants do not allege facts that would entitle them to summary judgment. Further, Plaintiff contends that this issue should not be decided at the summary judgment stage because a proven violation of Title VII is a prerequisite to an award of injunctive relief. But in deciding the Motion, the Court will assume that Plaintiff can prove its claim at trial. Finally, Plaintiff contends that the evidence suggests that there is a continuing likelihood of future violations.

Defendants' Motion relies largely on the alleged uniqueness of Ms. Harkins' claim, the existence of anti-discrimination policies at NMSU, and Plaintiff's failure to allege a policy or pattern of discrimination. The Court agrees that these facts alone are insufficient to show that Defendants are entitled to summary judgment. Although Defendants have revised their salary-setting policies since Ms. Harkins left their employment, Plaintiff argues that those new policies

still do not adequately prevent pay discrimination. Plaintiff presents evidence that Defendants'
current procedures would still allow employees with the same qualifications and responsibilities
to be paid differently and that Defendants' anti-discrimination policies are not effectively
implemented. *See* Resp. at 27–35.

In Reply, Defendants characterize Plaintiff's arguments as "absurd" and ask the Court to
make reasonable inferences in their favor. Reply at 12. But this is not the standard for summary
judgment, and Defendants do not demonstrate that Plaintiff's evidence is contradicted by the
record. Defendants provide evidence that certain NMSU employees were aware of or had
received training on NMSU's antidiscrimination policies, and Defendants argue that their current
pay-setting procedures are a permissible gender-neutral classification system. However, the
Court will resolve all factual disputes in favor of Plaintiff as the nonmovant. Accordingly, the
Court concludes that Plaintiff has presented sufficient evidence to create genuine issues of
material fact as to whether there is a cognizable danger of recurrent violations that could justify
an award of injunctive relief if Plaintiff prevails at trial.

IT IS THEREFORE ORDERED that NEW MEXICO STATE UNIVERSITY'S
MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING INJUNCTIVE RELIEF (Doc. No. 143) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE