IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                   1:16-cv-00911-JAP-LF

NEW MEXICO STATE UNIVERSITY
 and NEW MEXICO STATE UNIVERSITY
BOARD OF REGENTS,

       Defendants.

**ORDER DENYING NMSU'S MOTION TO COMPEL**
**AND REQUEST FOR HEARING, AND GRANTING**
**THE UNITED STATES' REQUEST FOR A PROTECTIVE ORDER**

THIS MATTER comes before the Court on defendants New Mexico State University and

New Mexico State University Board of Regents' (collectively "NMSU") Opposed Motion to

Compel Filed on Behalf of New Mexico State University, filed October 30, 2017, Doc. 162, and

Request for Setting Hearing regarding the motion, filed November 30, 2017, Doc. 204.  Plaintiff

United States of America filed its response on November 13, 2017, Doc. 176, and NMSU filed a

reply on November 27, 2017, Doc. 200.  This matter also comes before the Court on the United

States' Motion for a Protective Order regarding NMSU's Draft Notice of Deposition Under Fed.

R. Civ. P. 30(b)(6), filed November 2, 2017.  Doc. 168.  NMSU filed a response on November

16, 2017.  Doc. 185.  The United States filed its reply on November 30, 2017.  Doc. 200.

In its motion to compel, NMSU asks the Court to compel the United States to respond to

its second set of discovery requests.  NMSU further requests a hearing on the motion.  It its

motion for protective order, the United States asks that the Court to prohibit NMSU's Rule

30(b)(6) deposition of the United States as untimely, or in the alternative, to limit the scope of

the deposition.  Having reviewed the submissions of the parties and the relevant law, the Court

finds that a hearing is unnecessary, and it will deny NMSU's request for a hearing. The Court

further finds that the motion to compel is not well taken and will DENY it because it is untimely.

The Court also finds that the United States' motion for a protective order is well taken and will

GRANT it. NMSU has not demonstrated excusable neglect for its failure to file its motion to

compel on time, and NMSU's lack of diligence in pursuing discovery in this case warrants

prohibiting the proposed 30(b)(6) deposition.

1. NMSU's Motion to Compel is Untimely.

This district's local rules require that a party served with an objection to a written

discovery request "must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days of

service of an objection . . . . Failure to proceed within this time period constitutes acceptance of

the objection." D.N.M.LR-Civ. 26.6. NMSU served its second set of written discovery requests

on the United States on September 6, 2017. Docs. 110, 111. The United States served its

responses and objections to these discovery requests on October 6, 2017. Docs. 134, 135.

Although fact discovery terminated on October 10, 2017, Doc. 79, NMSU had through October

27, 2017, to file a motion to compel, D.N.M.LR-Civ. 26.6. Despite the 21-day period for filing a

motion to compel, NMSU did not begin addressing what it considered deficiencies to the United

States' responses until October 19, 2017. Doc. 162-1 at 1–7. NMSU asked the United States to

respond to NMSU's seven-page letter in less than 24 hours. Doc. 162-1 at 7; Doc. 176-1 at 9.

Despite this unreasonably short notice, the United States agreed to address the issues the

following day, and the parties conferred by telephone on October 20, 2017. Doc. 176 at 2.

During the call, NMSU indicated it would be filing its motion to compel that same day. *Id.* The

United States reminded counsel for NMSU that its motion to compel was not due until October

27, 2017, and suggested that they continue to attempt to narrow the issues prior to that deadline.

*Id.* NMSU did not file its motion to compel on October 20, 2017. The United States

supplemented its discovery responses on October 23, 2017. NMSU and the United States

continued to confer regarding the discovery disputes through October 26, 2017. *Id.* at 3.

Although the parties were unable to reach a final resolution on the alleged deficiencies with the

United States' responses, NMSU did not file its motion to compel on October 27, 2017. Instead,

NMSU filed the motion three days late, on October 30, 2017. *See* Doc. 162.

The Court may, for good cause, extend the time "on [a] motion made after the time has

expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(1)(B). To

demonstrate "excusable neglect" in these circumstances, NMSU must show both "good faith" in

seeking the additional time to complete its discovery and "a reasonable basis for not complying

within the specified period." *Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 631 (D.N.M.

2013) (quoting *In re Four Season Sec. Law Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974)). The

Supreme Court has observed that "Congress plainly contemplated that the courts would be

permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or

carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv.*

*Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The Supreme Court also

has observed, however, that "inadvertence, ignorance of the rules, or mistakes construing the

rules do not usually constitute 'excusable' neglect." *Id.* at 392; *see also Quigley v. Rosenthal*,

427 F.3d 1232, 1238 (10th Cir. 2005) (It is well established in the Tenth Circuit "that

inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute

excusable neglect for purposes of Rule 6(b)."). "Even after *Pioneer* adopted an equitable[]

balancing test, several circuits have embraced the rule that the excusable neglect standard can

never be met by a showing of inability or refusal to read and comprehend the plain language of

the federal rules." *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (collecting cases) (internal citations and quotations omitted).

Further, whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer,* 507 U.S. at 395. To that end, in determining whether a movant has shown excusable neglect, a court should consider: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith. *See Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir.2006) (unpublished) (internal citations omitted). The reason for the delay is an important, if not the most important, factor in this analysis. *Torres*, 372 F.3d at 1163.

NMSU's proffered reason for failing to file its motion to compel with the 21-day period does not constitute excusable neglect. NMSU explains that it filed its motion to compel late because it was attempting to resolve the discovery disputes without the intervention of the Court. Doc. 200 at 2. NMSU contends that the last conference call with the United States was held in the late afternoon on Thursday, October 26, 2017.[1] *Id*. Accordingly, NMSU argues, "good cause" exists to allow NMSU "one additional business day" to file its motion to compel. *Id*. at 3.

This is not the first time NMSU has used the excuse that it was attempting to resolve discovery disputes as an explanation for filing a motion out of time. *See* Doc. 181 at 5 (NMSU explained that it was trying to work out discovery disputes with the United States before filing a motion). The Court appreciates any attempt by the parties to resolve their differences. There is a procedural mechanism, however, to extend the time for negotiations without running afoul of the

---

[1] In its surreply, the United States points out that the call began at 10:00 a.m., MST. Doc. 273 at 2.

deadlines set by the rules. "For good cause, the Court may, *sua sponte* or on motion by a party,

change the twenty-one (21) day period." D.N.M.LR-Civ. 26.6. NMSU is well aware of this

procedure as it has agreed to an extension of time for the United States to proceed under

D.N.M.LR-Civ. 37.1 several times, including, most recently, on March 2, 2018. *See* Docs. 37,

41, 65, 71, 274, 276. It would not have been difficult for NMSU to utilize this same process to

extend the time to file its motion to compel if NMSU needed additional time to attempt resolve

the discovery disputes. Instead, once again, NMSU chose to disregard the deadline. As

explained in this Court's previous order:

> [T]his is not the first time NMSU has been untimely in seeking relief from the
> Court. Rather, NMSU has demonstrated a consistent pattern of disregard for the
> deadlines throughout the course of discovery. For example, NMSU failed to seek
> an extension of time to respond to the United States' first set of discovery requests
> until after its deadline to respond had passed. Doc. 44 at 2. After the United
> States agreed to an extension, NMSU failed to respond by the agreed-upon date.
> *Id*.; *see also* Doc. 70 at 1–2 (in addressing the timeliness issue, the Court found
> that NMSU's response was untimely, but nonetheless addressed the merits).[2]
> NMSU filed its response to the United States' first motion to compel more than
> 14 days after the deadline.[3] Docs. 45, 46. NMSU failed to comply with the
> Court's June 30, 2017 order requiring that descriptions of certain searches be
> produced by July 12, 2017. *See* Docs. 113 at 3, 113-1 at 2 n.1. Just recently, on
> November 14, 2017, this Court granted the United States' motion to quash
> subpoenas in part because NMSU was not diligent in seeking the information, and
> because it served the subpoenas after the discovery deadline had passed.[4] Doc.
> 179. NMSU's instant motion is the latest in a series of failures to respect the
> deadlines in the Federal Rules of Civil Procedure and those set by the Court.
> NMSU's disregard for these rules does not exhibit good faith.

---

[2] NMSU offered a similar explanation for its failure to serve timely responses—that it was
working on the responses—as it does for failing to seek leave to serve additional
interrogatories—that it was working on other discovery matters in this case. *Compare* Doc. 70
*with* Doc. 181 at 4–5.

[3] Following a status conference, the Court found the response timely due to an ambiguity created
by the new Federal Rules and the local rules. Docs. 52, 53. That ambiguity has since been
corrected.

[4] The subpoenas were issued October 31, 2017, twenty-one days after the close of fact discovery.
NMSU failed to seek leave to reopen discovery prior to issuing the subpoenas to third parties.
*See* Docs. 179, 180.

Doc. 207 at 5. NMSU's late-filed motion to compel is the latest in a long list of demonstrated

disregard for the rules, which does not exhibit good faith.

Failure to proceed within the 21-day period constitutes acceptance of the objection.

D.N.M.LR-Civ. 26.6. Here, NMSU's failure to proceed, or secure an extension, constitutes

acceptance of the objections. The fact discovery phase of this case was pending for almost a

year. Allowing NMSU to continue to disregard deadlines under the circumstances would be

unfairly prejudicial to the United States, and cause further delay. In short, the *Pioneer* factors

weigh decidedly in favor of denying NMSU's motion.

2. The Proposed 30(b)(6) Deposition is Untimely.

"A person who wants to depose a person by oral questions must give reasonable written

notice to every other party." FED. R. CIV. P. 30(b)(1). This district's local rules require that

counsel "confer in good faith regarding scheduling of depositions before serving notice of

deposition." D.N.M.LR-Civ. 30.1. "Service of the notice of deposition in accordance with FED.

R. CIV. P. 30(b) must be made at least fourteen (14) days before the scheduled deposition." *Id.*

"The time for service notice may be shortened by agreement of all parties or by Court order." *Id.*

The government's motion for a protective order does not address a notice of deposition

that actually has been served by NMSU. Rather, NMSU has yet to formally notice the

deposition. Doc. 168 at 3–4; Doc. 185 at 3 n.1. In an apparent attempt to comply with the local

rules, on September 15, 2017, NMSU emailed a draft of the notice to the United States with

tentative dates the first and second weeks of October 2017. Doc. 168-1 at 2. Given an already

tight travel and deposition schedule at that time, the United States advised NMSU's counsel that

it would be willing to permit the deposition after the close of fact discovery. Doc. 168 at 3.

Between September 15 and September 26, the parties then discussed the place and time of the

deposition, and the United States attempted to address its substantive concerns with regard to the

drafted notice. *Id*. Following an email from the United States' counsel on September 26, 2017,

however,

> NMSU remained silent on the matter for more than three weeks (one of which
> was spent in person with counsel for the United States at depositions in New
> Mexico), allowing the fact discovery period to end on October 10, 2017, without
> reaching any agreement with the United States as to the scheduling of the Rule
> 30(b)(6) deposition and without formally serving a Notice of Rule 30(b)(6)
> Deposition on the United States.

Doc. 168 at 3–4. NMSU did not respond to the United States' September 26, 2017 email until

October 19, 2017, after the discovery deadline had passed. *Id*. at 4. Despite requests by the

United States that NMSU formally notice the Rule 30(b)(6) deposition to be addressed by a

motion for protective order, NMSU still has not formally served the notice.

NMSU states that the notice was not formally served because the United States refused to

provide dates as to its availability after it had agreed to take the deposition out of time. Doc. 185

at 3 n.1. NMSU's complaint that the United States delayed proceedings unpersuasive. NMSU

does not dispute that after September 26, 2017, it failed to respond to the United States'

substantive concerns, failed to agree to a date for the deposition, and failed to formally notice the

deposition. Also, the United States did not agree to extend the discovery deadline, as NMSU

contends. *See* Doc. 185 at 17 n. 6. Rather, the government agreed not to object to a deposition

noticed out of time if it could be promptly scheduled "reasonably close to the end of fact

discovery." Doc. 168-4 at 2. Despite no agreement or formal notice, NMSU failed to seek an

extension of the discovery deadline. Instead, NMSU left it to the United States to file a motion

for protective order on an unserved notice of deposition. As the termination of discovery

approached, it was up to NMSU to ensure that it was able to obtain the discovery it required.

The Court therefore will preclude NMSU from taking the proposed 30(b)(6) deposition because NMSU never served the deposition notice, and fact discovery has closed.

For the foregoing reasons, the Court finds that NMSU has not demonstrated excusable neglect for failing to file a timely motion to compel pursuant to D.N.M.LR-Civ. 26.6. Further, NMSU failed to diligently pursue discovery, and failed to confer in good faith in setting the Rule 30(b)(6) deposition.

IT IS THEREFORE ORDERED that NMSU's Motion to Compel (Doc. 162) is DENIED.

IT IS FURTHER ORDERED that NMSU's corresponding Request for Setting Hearing (Doc. 204) is DENIED.

IT IS FURTHER ORDERED that plaintiff's Motion for a Protective Order (Doc. 168) is GRANTED. A 30(b)(6) deposition will not be allowed.

IT IS FURTHER ORDERED that the in-person Discovery Hearing set for 3/21/2018 at 09:00 AM in Albuquerque is VACATED.

_____
Laura Fashing
United States Magistrate Judge