**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                          No. 16-CV-911-JAP-LF

**REGENTS OF NEW MEXICO**
**STATE UNIVERSITY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

The United States of America (Plaintiff or the United States) filed suit against Defendant Regents of New Mexico State University (Defendant or NMSU) to enforce the provisions of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*[1] The United States alleges that Defendant engaged in pay discrimination against former NMSU employee Meaghan Harkins (Ms. Harkins) in violation of Title VII. In preparation for trial, both parties have filed motions in limine. The Court will resolve some of the motions in limine below and will set others for hearing, to be held on Thursday, October 11, 2018, at 10:00 a.m. in the 6th floor courtroom at the 421 Gold Courthouse.

### I.    THE UNITED STATES' MOTIONS IN LIMINE

The factual background of the United States' claim is set forth in the Court's Memorandum Opinion and Order denying summary judgment (Doc. No. 259), and the Court will not repeat it here other than as is necessary for the discussion of each motion.

---

[1] *See* COMPLAINT (Doc. No. 1).

### A. United States' Motion in Limine to Preclude Defendant from Introducing Evidence of Prior Work Experience Unknown to NMSU (Doc. 345)

The United States asks the Court to prevent NMSU from introducing any evidence of comparators' work experience that was not known to NMSU when it made the salary-setting decisions at issue in this case. It argues that such evidence is irrelevant because it could not have provided a legitimate non-discriminatory reason for NMSU's salary decision if they did not know about it at the time. Additionally, it contends that the evidence would be prejudicial because it would be likely to confuse the jury. NMSU responds that exclusion is unwarranted because Plaintiff does not identify the particular evidence it wants excluded, and the evidence may be relevant for other reasons. *See* Defendant's Response in Opposition to Plaintiff's Motion in Limine to Preclude Defendant from Introducing Evidence of Prior Work Experience (Doc. 364). NMSU also asserts that the requested exclusion would prevent them from introducing evidence of experience that they knew about when they made their hiring and salary decisions. The United States, in its reply, confirmed that it did not seek to exclude anything beyond information that was unknown to NMSU at the time of hiring. *See* United States' Reply in Support of Its Motion in Limine to Preclude Defendant from Introducing Evidence of Prior Work Experience Unknown to NMSU (Doc. 374). The Court finds that information NMSU did not know at the time it made hiring and salary-setting decisions regarding Ms. Harkins, Mr. Fister, or Mr. Harkins is irrelevant to the reasons for those decisions. The Court will therefore grant the motion to exclude evidence of prior work experience that was unknown to NMSU when the hiring and salary-setting decisions were made.

### B. United States' Motion in Limine to Exclude Defendant's Late Asserted Legitimate Non-discriminatory Reason (Doc. 346)

The United States asks the Court to exclude evidence that NMSU paid Ms. Harkins less because she filled an entry level position due to NMSU's late disclosure of this asserted non-discriminatory reason. *See also* Reply in Support of Motion in Limine to Exclude Defendant's Late Asserted Legitimate Non-discriminatory Reason (Doc. 375). On November 3, 2016, during discovery, the United States asked NMSU in Interrogatory 3 to detail each reason it contends provided justification for it to pay Ms. Harkins less than the male coaches. NMSU answered this interrogatory on December 21, 2016, asserting four reasons, and then timely supplemented with a fifth reason on February 27, 2017. Discovery closed on October 10, 2017. However, on June 19, 2018, NMSU supplemented its interrogatory response with a sixth reason, asserting that Ms. Harkins had filled an entry level position.

Rule 26(e) requires a party to supplement its disclosures in a timely manner unless the information has "otherwise been made known." Under Rule 37(c), a party that fails to do so may not use the information at trial unless the failure to disclose was substantially justified or is harmless. NMSU bears the burden of proving a late disclosure is justified or harmless. Additionally, four factors guide the Court's discretion in making the determination: "(1) the prejudice or surprise to the party against whom the testimony is offered, (2) the ability of the party to cure the prejudice, (3) the extent to which introducing such testimony would disrupt the trial, and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

The United States contends that it has been prejudiced because it was not on notice that NMSU would rely on the assertion that Ms. Harkins' position was entry level as a reason for her lower salary during the time that it could investigate through discovery. It argues that the

prejudice cannot be cured without reopening discovery, which would delay the trial. But NMSU responds that the United States has suffered no prejudice because it was already on notice that NMSU considered Ms. Harkins' position entry-level. *See* Defendant's Response in Opposition to Plaintiff's Motion to Exclude the Asserted Legitimate Non-discriminatory Business Reasons (Doc. 369). It argues that NMSU's theory that Ms. Harkins' position was entry level had previously been made known to the United States through responses to other interrogatories, deposition testimony, and arguments in pleadings, so that no supplementary disclosure was required. The Court will set this motion for hearing so that the parties may address the issue of prejudice to the United States.

    **C.**    **United States' Motion in Limine to Preclude Defendant from Introducing Certain Evidence Regarding What It Considered in Hiring Mr. Harkins and Mr. Fister (Doc. 347)**

The United States asks the Court to prohibit NMSU from introducing evidence that, in hiring Mr. Fister or Mr. Harkins, it considered any education or experience that is not included in their respective resumes, cover letters, or other contemporaneous documentation of the hiring or salary-setting process that has been produced to the United States during discovery. It acknowledges that the Court already entered an Order (Doc. 323) with this ruling as to salary setting decisions, but it theorizes that NMSU may attempt to circumvent the Court's Order by drawing a false distinction between hiring decisions and salary decisions. It argues that NMSU is seeking to avoid the imposed sanctions by presenting testimony unsupported by contemporaneous documentation. *See* United States' Reply in Support of Its Motion in Limine to Preclude Defendant from Introducing Certain Evidence Regarding What It Considered in Hiring Mr. Harkins and Mr. Fister (Doc. 376). NMSU responds that it agrees that the hiring and salary-setting processes are intertwined and that it will abide by the Court's prior exclusion. *See*

Defendant's Response in Opposition to Plaintiff's Motion in Limine to Exclude NMSU from Introducing Certain Evidence Regarding the Experience and Education It Considered in Hiring and Paying Mr. Harkins and Mr. Fister (Doc. 366). But it argues that it should be allowed to present testimony as to experience that is supported by the contemporaneous documentation, even if not explicitly apparent from the face of the documents. The Court will set this motion for hearing to determine precisely what evidence NMSU seeks to introduce under this theory.

>    D.    **United States' Motion in Limine to Preclude Defendant from Introducing Evidence Regarding Mr. Fister's Employment at NMSU from 2015-2017 (Doc. 350)**

The United States asks the Court to exclude evidence of Mr. Fister's employment by NMSU from 2015–2017 as irrelevant, prejudicial, and confusing. Mr. Fister was rehired by NMSU in 2015 in a different coaching position from the one he held while Ms. Harkins worked at NMSU, with fewer responsibilities and a lower salary. The United States argues that any evidence of this later position or salary is irrelevant to the decisions NMSU previously made about Ms. Harkins and would only confuse the jury and prejudice the United States by implying that Ms. Harkins' lower salary was not based on sex.

NMSU argues that this evidence is relevant and probative because Mr. Fister's later position was the same one that had previously been held by Ms. Harkins, and the evidence shows that coaches who filled this position were consistently assigned fewer responsibilities and paid a lower salary. *See* Defendant's Response in Opposition to Plaintiff's Motion in Limine to Exclude NMSU from Introducing Evidence Regarding Anthony Scott Fister's Employment at NMSU from 2015-2017 (Doc. 365). However, the United States suggests that the similarity between this position and Ms. Harkins' is disputed. *See* United States' Reply to Defendant's Opposition to Plaintiff's Motion in Limine to Exclude Evidence Regarding Anthony Scott Fister's

Employment at NMSU from 2015-2017 (Doc. 373). The Court will set this motion for hearing to address the evidence regarding similarity of the positions.

      **E.    United States' Motion in Limine Regarding Defendant's "Failure to Mitigate" Defense (Doc. 354)**

The United States asks the Court to prohibit NMSU from arguing to the jury that it should consider Ms. Harkins' failure to mitigate her damages when determining the amount of compensation due and from presenting testimony on Ms. Harkins' alleged failure to mitigate. Although Title VII imposes a statutory duty to mitigate damages in relation to an equitable award of back pay, the amount of an equitable award is determined by the Court, not the jury. *See Ford Motor Co. v. EEOC*, 458 U.S. 219, 226, 231 (1982). While the Court may submit equitable issues to a jury for an advisory verdict, it is not required to do so. *See* Fed. R. Civ. P. 39(c). The United States contends that allowing testimony and argument to the jury on the issue of mitigation might confuse the jury and prejudice the United States because it could lead the jury to improperly reduce compensatory damages.

NMSU argues that Ms. Harkins' failure to mitigate is relevant to her damages and to the credibility of her claim. *See* Defendant's Response in Opposition to Plaintiff's Motion in Limine Regarding the Failure to Mitigate Defense (Doc. 363). However, the duty to mitigate does not apply to compensatory damages under Title VII. *See, e.g.*, *Castagna v. Luceno*, 558 F. App'x 19, 22 (2d Cir. 2014) (failure to mitigate damages would not bar recovery of compensatory damages on Title VII claim); *EEOC v. Global Horizons, Inc.*, Civil No. 11-00257 LEK, 2014 WL 819129, at *6 (D. Haw. Feb. 28, 2014) ("The requirement to mitigate damages does not apply to [Title VII] claims seeking compensatory damages."); *EEOC v. Fred Meyer Stores, Inc.*, 954 F. Supp. 2d 1104, 1128 (D. Ore. 2013) ("Congress' deliberate decision to carve out this duty to mitigate damages clearly signifies that Congress did not intend to create a duty to mitigate all

6

compensatory damages. . . . Title VII claimants do not have a duty to mitigate emotional damages."). Additionally, the issue of mitigation is not relevant to the United States' claim for back pay in this case because it does not request any award for time after Ms. Harkins left NMSU's employment, which is when the duty to mitigate would arise. *See* Reply in Support of United States' Motion in Limine Regarding Defendant's "Failure to Mitigate" Defense (Doc. 377).

Accordingly, the Court concludes that the affirmative defense of failure to mitigate is inapplicable to the claim for compensatory damages, and the probative value of any testimony on Ms. Harkins' alleged failure to mitigate her damages is therefore substantially outweighed by the danger it could confuse the jury and result in unfair prejudice through the improper reduction of compensatory damages. *See* Fed. R. Evid. 403. The Court will grant the motion and will prohibit NMSU from arguing to the jury or presenting testimony in support of the affirmative defense of failure to mitigate damages.

## II. NMSU's MOTIONS IN LIMINE

### A. Motion to Exclude the Separate Introduction of the Deposition Designations of 30(B)(6) Witness Kathy Agnew (Doc. 335) & Motion to Exclude the Separate Introduction of the Deposition Designations of 30(B)(6) Witness Ermelinda Quintela (Doc. 336)

NMSU asks the Court to exclude the deposition designations of Ms. Agnew and Ms. Quintela if the United States calls them to testify at trial, and to allow NMSU more time to make specific objections and counter-designations if the United States elects not to call these witnesses at trial. NMSU argues that allowing both the deposition testimony and live testimony would confuse the jury. *See* Defendant's Consolidated Reply in Support of Its Motion to Exclude the Separate Introduction of the Deposition Designations of 30(B)(6) Witnesses Ermelinda Quintela and Kathy Agnew (Doc. 379). The United States responds that Rule 32(a)(3) and Federal Rule of

7

Evidence 801(d)(2) allow an adverse party to use the deposition testimony of a 30(b)(6) designee at trial for any purpose, regardless of the designee's availability to testify at trial. *See Coletti v. Cudd Pressure Control*, 165 F.3d 767, 773 (10th Cir. 1999); United States' Consolidated Opposition to Defendant's Motions to Exclude the Separate Introduction of the Deposition Designations of 30(B)(6) Witnesses Ermelinda Quintela and Kathy Agnew (Doc. 358).

The Court may still exclude evidence as cumulative or on the basis of jury confusion. However, the United States may elect not to call these witnesses at trial, or, if it does call them, it may elect not to present the deposition testimony. The Court will therefore deny the motions for pretrial exclusion, and will reserve ruling on the admissibility of this evidence until it is offered at trial, when its cumulative or confusing nature can be better evaluated. The Court will also deny the motions as to NMSU's requests for additional time to make objections and counter-designations to proposed deposition testimony, since NMSU has already filed objections and counter-designations, and the deadline by which to do so has passed.

> **B. Defendant's Motion in Limine to Exclude Evidence Regarding the Circumstances of Dr. McKinley Boston's Resignation from University of Minnesota (Doc. 344)**

NMSU asks the Court to exclude evidence of Dr. Boston's resignation from the University of Minnesota, in relation to NCAA violations, prior to his employment by NMSU. Dr. Boston was implicated in an NCAA report concerning academic dishonesty, in which the NCAA found that Dr. Boston had failed to properly supervise those accused of the dishonest conduct. NMSU asserts that such evidence of uncharged prior bad acts is inadmissible under Rule 404(b) because the United States may seek to use the evidence to suggest that Dr. Boston was likely to have ignored NCAA violations at NMSU, since he had previously been found to have done so at the University of Minnesota. The United States denies that it will seek to introduce any of this

8

evidence to prove propensity. *See* United States' Response in Opposition to Defendant's Motion in Limine to Exclude Evidence Regarding the Circumstances of Dr. McKinley Boston's Resignation from the University of Minnesota (Doc. 356). Instead, it argues, it may offer this evidence to demonstrate Dr. Boston's character for untruthfulness, as allowed under Federal Rule of Evidence 608(b).

Rule 608(b) allows cross-examination as to specific instances of conduct that are probative of the witness' character for truthfulness, although it does not allow extrinsic proof of the misconduct. The United States argues that Dr. Boston's credibility is central to its case since he was the only witness who admitted his personal involvement in setting Ms. Harkins' salary. NMSU replies that this evidence is not probative of Dr. Boston's character as to truthfulness because he was not personally implicated in dishonesty at the University of Minnesota, and it argues that any minimal probative value is outweighed by the likelihood of undue prejudice. *See* Defendant's Reply to Plaintiff United States' Response in Opposition to Defendant's Motion in Limine to Exclude Evidence Regarding the Circumstances of Dr. McKinley Boston's Resignation from the University of Minnesota (Doc. 380).

The Court will deny the motion as moot, to the extent it is based on NMSU's concern over Rule 404(b) evidence, on the basis of the United States' representation that it will not use this evidence to prove propensity. However, the Court will set the motion for hearing in relation to the probative value of this evidence under Rule 608(b).

**C.     Defendant's Motion to Exclude Evidence Regarding the 2007 Equity Review (Doc. 348)**

NMSU asks the Court to exclude as irrelevant all evidence regarding the 2007 equity reviews that were performed when Mr. Harkins and Mr. Fister were hired. It asserts that evidence of these reviews, which were performed because Mr. Harkins and Mr. Fister were

offered higher salaries than an incumbent coach, is irrelevant to Ms. Harkins' claim, confusing to the jury, and unfairly prejudicial if it is used to infer that Ms. Harkins should have been paid more.

The United States responds that this evidence is highly probative on the issue of pretext because NMSU performed equity reviews for Mr. Fister and Mr. Harkins, but failed to perform one for Ms. Harkins, demonstrating that it failed to follow its own policies when setting Ms. Harkins' pay. *See* United States' Response in Opposition to Defendant's Motion to Exclude Evidence Regarding the 2007 Equity Review (Doc. 357). It also maintains that the 2007 equity reviews are some of the few pieces of contemporaneous evidence that reveal NMSU's evaluation of Mr. Harkins and Mr. Fister's experience at the time they were hired. The United States does not intend to argue that Ms. Harkins would have received a higher salary had an equity review been performed.

The Court finds that this evidence is relevant to the United States' case, and that it is not likely to confuse the jury or provoke an emotional response. *See* Defendant's Reply in Support of Its Motion to Exclude the 2007 Equity Review (Doc. 382). The Court will therefore deny the motion.

> **D. Defendant's Motion to Exclude Evidence and Arguments that can be Used to Support a Claim for Punitive Damages (Doc. 349)**

NMSU asks the Court to exclude evidence that might suggest malice or recklessness. It contends that this evidence is irrelevant since punitive damages cannot be awarded against a government entity, and would be unfairly prejudicial. The United States responds that it has not requested and does not intend to argue for punitive damages. *See* United States' Opposition to Defendant's Motion in Limine to Exclude Evidence and Arguments that can be Used to Support a Claim for Punitive Damages (Doc. 361). It points out that NMSU has not identified the

10

evidence that it believes should be excluded or demonstrated that the unidentified evidence is unfairly prejudicial. NMSU replies that its motion is sufficiently specific, but it still fails to identify any particular evidence that it believes the Court should exclude. *See* Defendant's Reply in Support of Its Motion to Exclude Evidence and Arguments that Can be Used to Support a Claim for Punitive Damages (Doc. 378). The Court will deny the motion as moot as to the exclusion of argument, since the United States has represented that it is not seeking punitive damages and the Court therefore presumes that it will not argue to the jury that NMSU must be punished. The Court will set a hearing on the motion regarding the exclusion of evidence so that NMSU may clarify the specific evidence it wishes to preclude the United States from introducing.

      **E.**      **Defendant's Motion to Exclude All Evidence Related to the Administrative Proceeding Conducted by the Equal Employment Opportunity Commission (Doc. 351)**

NMSU asks the Court to exclude all evidence of the EEOC proceeding as irrelevant and unfairly prejudicial, but it specifically identifies only three exhibits: the charge of discrimination (Ex. 149), the notice sent to NMSU (Ex. 151), and an email from Ms. Harkins to the EEOC investigator (Ex. 153). The United States responds that Ex. 149 and Ex. 153 are admissible as prior consistent statements should NMSU attack Ms. Harkins' credibility, and Ex. 151 is relevant as evidence of NMSU's knowledge of the charge in light of its subsequent destruction of documents, which the Court has already ruled the United States may raise in examining witnesses. *See* United States' Opposition to Defendant's Motion to Exclude All Evidence Related to the Administrative Proceeding Conducted by the Equal Employment Opportunity Commission (Doc. 359). In reply, NMSU continues to argue that the exhibits mentioned are not relevant, and asserts that they contain hearsay. *See* Defendant's Reply to Plaintiff's Opposition to

Defendant's Motion in Limine to Exclude All Evidence Related to the Administrative Proceeding Conducted by the Equal Employment Opportunity Commission (Doc. 381). The admissibility of these documents and any other evidence related to the EEOC proceeding will depend on the testimony at trial and the purpose for which the evidence is offered. The Court will therefore deny the motion for pretrial exclusion, and will reserve ruling on admissibility until trial.

### F. Defendant's Motion to Exclude Evidence Regarding NMSU's Alleged "Climate of Inequity" (Doc. 352)

NMSU asks the Court to exclude, as irrelevant and unfairly prejudicial, evidence of sexist comments allegedly made by Mr. Fister, Ms. Harkins' interpretation of these comments as offensive and possibly in violation of Title IX, and other unspecified evidence as to a "climate of inequity." It argues that this evidence is irrelevant because Mr. Fister was not in charge of setting Ms. Harkins' salary, but it makes no specific argument as to its assertions of prejudice. The United States responds that evidence demonstrating that women were treated differently than men at NMSU is relevant to its claims of pay discrimination based on sex. *See* United States' Response in Opposition to Defendant's Motion to Exclude Evidence Regarding NMSU's Alleged "Climate of Inequity" (Doc. 360). NMSU continues to argue that the evidence is irrelevant, and asserts that these statements are hearsay. *See* Defendant's Reply in Support of Its Motion in Limine to Exclude Evidence Regarding NMSU's Alleged "Climate of Inequity" (Doc. 385). The admissibility of this evidence will depend on the testimony at trial and the purpose for which the evidence is offered. The Court will therefore deny the motion for pretrial exclusion and reserve ruling on admissibility until trial.[2]

---

[2] The United States filed an opposed Motion to File Sur-Reply to Defendant's Reply in Support of Its Motion in Limine to Exclude Evidence Regarding NMSU's Alleged "Climate of Iniquity" (Doc. 399) asserting that in

### G. Defendant's Motion in Limine to Exclude Evidence Regarding Title IX (Doc. 353)

NMSU asks the Court to exclude evidence of Title IX as irrelevant, unfairly prejudicial, confusing to the jury, and a waste of time because the United States is not bringing a Title IX claim. The United States responds that Title IX may be referenced during Ms. Harkins' testimony regarding the general treatment of women at NMSU and in regards to Ms. Harkins' complaints about her salary because she believed that her claim fell under Title IX. *See* United States' Response in Opposition to Defendant's Motion in Limine to Exclude Evidence Regarding Title IX (Doc. 362). It argues that these references are integrated in the testimony, so that their removal would force the United States to censor Ms. Harkins' responses, and it contends that the evidence of Ms. Harkins' early complaints is necessary to show that NMSU was aware that she was complaining of sex discrimination. It contends that there is no risk of unfair prejudice because it does not intend to argue that NMSU violated Title IX. NMSU replies that confusion and prejudice are likely if Title IX is raised, but it makes no credible argument as to specific prejudice. *See* Defendant's Reply in Support of Its Motion to Exclude Evidence Regarding Title IX (Doc. 384). The Court finds that evidence as to Ms. Harkins' statements about Title IX is relevant to her claims and is unlikely to lead to jury confusion or undue prejudice since the United States is not arguing that Title IX was violated, and there will be no Title IX claim submitted to the jury. The Court will therefore deny the motion.

### H. Defendant's Motion for Leave to Amend Its Trial Exhibit List (Doc. 355)

NMSU asks the Court to allow it to amend its exhibit list, after the July 31, 2018 deadline contained in the pretrial order, to add the notes from Ms. Harkins' treating psychologist, Dr.

---

Defendant's reply, NMSU had expanded the scope of the exclusion it requested. Because the Court is denying NMSU's motion to exclude the evidence, the Court will deny as moot the United States' motion to file a sur-reply.

Jennifer Wood, as Exhibit TTTT to be used at trial. It argues that late disclosure merits the untimely amendment, but does not specify why it wishes to offer the notes as an exhibit at trial. The United States opposes the addition, arguing that NMSU could have obtained the records well before the July 31, 2018, deadline. *See* Plaintiff's Response in Opposition to NMSU's Motion for Leave to Amend Its Trial Exhibit List (Doc. 383). The United States asserts that it does not intend to use the notes or to call Dr. Wood as a witness at trial, but it does not argue that the notes are irrelevant or prejudicial. The Court will set this motion for hearing.

IT IS THEREFORE ORDERED that:

(1) The United States' Motion in Limine to Preclude Defendant from Introducing Evidence of Prior Work Experience Unknown to NMSU (Doc. 345) is GRANTED;

(2) The United States' Motion in Limine to Exclude Defendant's Late Asserted Legitimate Non-discriminatory Reason (Doc. 346) will be set for hearing;

(3) The United States' Motion in Limine to Preclude Defendant from Introducing Certain Evidence Regarding What It Considered in Hiring Mr. Harkins and Mr. Fister (Doc. 347) will be set for hearing;

(4) The United States' Motion in Limine to Preclude Defendant from Introducing Evidence Regarding Mr. Fister's Employment at NMSU from 2015-2017 (Doc. 350) will be set for hearing;

(5) The United States' Motion in Limine Regarding Defendant's "Failure to Mitigate" Defense (Doc. 354) is GRANTED;

(6) NMSU's Motion to Exclude the Separate Introduction of the Deposition Designations of 30(B)(6) Witness Kathy Agnew (Doc. 335) is DENIED as to pretrial exclusion. The Court will reserve ruling on the admissibility of the deposition designations until trial;

(7) NMSU's Motion to Exclude the Separate Introduction of the Deposition Designations of 30(B)(6) Witness Ermelinda Quintela (Doc. 336) is DENIED as to pretrial exclusion. The Court will reserve ruling on the admissibility of the deposition designations until trial;

(8) NMSU's Motion in Limine to Exclude Evidence Regarding the Circumstances of Dr. McKinley Boston's Resignation from University of Minnesota (Doc. 344) is DENIED in part as moot, as it relates to admissibility under Rule 404(b), and it will be set for hearing as to admissibility under Rule 608(b);

(9) NMSU's Motion to Exclude Evidence Regarding the 2007 Equity Review (Doc. 348) is DENIED;

(10) NMSU's Motion to Exclude Evidence and Arguments that Can be Used to Support a Claim for Punitive Damages (Doc. 349) is DENIED in part as moot, in relation to argument, and it will be set for hearing as to the requested exclusion of evidence;

(11) NMSU's Motion to Exclude All Evidence Related to the Administrative Proceeding Conducted by the Equal Employment Opportunity Commission (Doc. 351) is DENIED as to pretrial exclusion. The Court will reserve ruling on the admissibility of evidence of the EEOC proceeding until trial;

(12) NMSU's Motion to Exclude Evidence Regarding NMSU's Alleged "Climate of Inequity" (Doc. 352) is DENIED as to pretrial exclusion. The Court will reserve ruling on admissibility until trial;

(13) The United States' Motion to File Sur-Reply to Defendant's Reply in Support of Its Motion in Limine to Exclude Evidence Regarding NMSU's Alleged "Climate of Inequity" (Doc. 399) is DENIED as moot;

(14) NMSU's Motion in Limine to Exclude Evidence Regarding Title IX (Doc. 353) is DENIED;

(15) NMSU's Motion for Leave to Amend Its Trial Exhibit List (Doc. 355) will be set for hearing; and

(16) Arguments on the motions in limine specified above to be set for hearing will be heard on Thursday, October 11, 2018 at 10:00 a.m., 421 Gold in the 6th floor courtroom.

_____
SENIOR UNITED STATES DISTRICT JUDGE