# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                       No. 16-CV-911-JAP-LF

**REGENTS OF NEW MEXICO**
**STATE UNIVERSITY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

The United States of America (Plaintiff) filed suit against Defendant Regents of New Mexico State University (Defendant) to enforce the provisions of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*[1] Plaintiff's discrimination claim was tried by a jury beginning on October 15, 2018 and ending with a verdict for Defendant on October 22, 2018. Based on the jury's verdict, the Court entered a Judgment on October 26, 2018, in favor of Defendant. *See* JUDGMENT (Doc. 422). On November 26, 2018, Defendant filed DEFENDANT'S MOTION FOR TAXING OF COSTS, ITEMIZED COST BILL AND AFFIDAVIT (Doc. 423) (Motion), which is fully briefed.[2] The Court will grant the Motion in part and deny it in part.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[C]osts against the United States . . . may be imposed only to the extent allowed by law." *Id.* In

---

[1] *See* COMPLAINT (Doc. No. 1).
[2] *See* UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR TAXING OF COSTS (Doc. 424) (Response); DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR TAXING OF COSTS (Doc. 425).

a Title VII action, "the United States shall be liable for costs the same as a private person." 42 U.S.C. § 2000e-5(k).

"'[28 U.S.C.] § 1920 defines the term "costs" as used in Rule 54(d).'" *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 565 (2012) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). The Court may award as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

§ 1920. Certain per diem fees and travel allowances are further defined in 28 U.S.C. § 1821.

Defendant has requested reimbursement of $42,345.06 in costs and $9,764.03 in expenses, for a total of $52,109.09. Defendant itemizes its costs and attributes $19,804.36 to deposition transcription, $200.59 to copying and printing of trial documents, $18,446.37 to expert witness fees, $480.00 to lay witness fees, and $3413.74 to lay witness travel expenses, including $1863.82 for mileage, $67.50 for parking, $1017.77 for lodging, and $464.65 for meals. Defendant's requested expenses include $771.77 for Federal Express delivery of documents to the United States and $8992.26 for the travel expenses of defense counsel.

Of these requested amounts, Plaintiff raises objections in four categories: (1) the $771.77 in Federal Express expenses; (2) the $8992.26 in defense counsel's travel expenses; (3) the $18,446.37 in expert witness fees; and (4) the $101.01 in car rental fees for Dr. McKinley Boston

included as part of the $1863.82 in lay witness mileage costs.[3] Plaintiff contends that the expenses of Federal Express delivery, defense counsel travel, expert witness fees, and the car rental are not reimbursable costs under § 1920. Defendant argues that an award of costs is within the discretion of the Court, and it asks the Court to exercise its discretion to award costs and to include the disputed amounts.

Delivery charges, attorney travel expenses, and fees for expert witnesses not appointed by the Court might be recoverable as part of an award of attorneys' fees if they are reasonable and necessary expenses that would normally be charged to the client. *See Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1259 (10th Cir. 2005) (approving the inclusion of "incidental and necessary expenses" such as Federal Express delivery charges and professional fees in an award of attorneys' fees when they would normally be billed to the client in addition to the attorney's hourly rate); *Brown v. Gray*, 227 F.3d 1278, 1297 (10th Cir. 2000) (reasonable travel expenses may be included in an award of attorneys' fees).

However, "[a] Title VII defendant is not entitled to an award of fees unless the court finds that the plaintiff's 'claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Simons v. Sw. Petro-Chem, Inc.*, 28 F.3d 1029, 1033 (10th Cir. 1994) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). Plaintiff's claim survived summary judgment, went to trial, and overcame an initial motion for judgment as a matter of law and a renewed motion made at the close of evidence. Consequently, the Court finds that Plaintiff's suit was not frivolous and that Defendant is not entitled to an award of attorneys' fees in this case.

---

[3] In the Response, Plaintiff objected to the $1017.77 in lay witness lodging expenses, arguing that it was a miscalculation, but it withdrew its objection after Defendant provided further documentation of the costs.

Without a fee award, Defendant is not entitled to compensation for miscellaneous expenses of litigation, no matter how necessary or reasonable. The United States Supreme Court has "rejected the view that 'the discretion granted by Rule 54(d) is a separate source of power to tax as costs expenses not enumerated in § 1920.'" *Taniguchi*, 566 U.S. at 565 (quoting *Crawford*, 482 U.S. at 441). "Any argument that a federal court is empowered to exceed the limitations explicitly set out in §§ 1920 and 1821 without plain evidence of congressional intent to supersede those sections ignores our longstanding practice of construing statutes *in pari materia*." *Crawford*, 482 U.S. at 445. "[A]lthough a court in its discretion need not award section 1920 costs under Rule 54(d), it has no discretion to award items as costs that are not set out in section 1920." *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990).

Accordingly, Defendant may not recover as costs the $771.77 it requests for Federal Express delivery expenses, the $8992.26 it requests for defense counsel's travel expenses, or the $18,446.37 in fees it paid to an expert witness who was not appointed by the Court and did not attend or testify at trial. These categories are not provided for by § 1920, and the Court may not award unenumerated costs. Additionally, the Court declines to appoint Amy Ramos as an expert post-trial for the purposes of cost-shifting. *See Carleton v. Walmart-Stores, Inc.*, No. CIV 99-965 MV/DJS, (D.N.M. Feb. 6, 2001) (unpublished). Rule 706 allows the Court to appoint experts, but it is designed for use prior to trial. *See id.* Further, a court-appointed expert must be agreed on by the parties or chosen by the Court. Fed. R. Evid. 706. The Court will not appoint Defendant's chosen expert so that it can recover its expenses.

The remaining dispute involves the $101.01 in car rental fees for Dr. McKinley Boston, which Defendant included as part of the $1863.82 in lay witness mileage costs. Defendant contends that this fee is a taxable cost because it is a normal travel expense. Dr. Boston's travel

4

costs would generally be compensable under §§ 1920 and 1821, and § 1821(c)(4) allows the reimbursement of "[a]ll normal travel expenses" for a witness. However, Plaintiff argues that Dr. Boston's rental car fee should not be reimbursed because it would have been more economical for Dr. Boston to have traveled by taxi cab. In support of this, Plaintiff points out that Dr. Boston's hotel offered a free shuttle to and from the airport, Dr. Boston was only in in Albuquerque from Thursday night to Saturday afternoon, Dr. Boston was in attendance at trial only one morning, and Dr. Boston's potential taxi cab fees would have totaled less than $47. "Courts sometimes tax rental car charges under [§ 1821(c)(4)], depending on the locale, the duration of the trial, and whether a taxicab would have been more economical." *In re Patel*, 559 B.R. 534, 541 (Bankr. D.N.M. 2016). The *Patel* court allowed the recovery of rental car charges based on its finding that "a rental car is likely more economical than a taxicab" for a witness who traveled to Albuquerque multiple times and stayed three nights. *Id.* at 542. However, the Court finds that Dr. Boston's car rental was not the most economical alternative in this case, and accordingly, it will disallow the expense.

IT IS THEREFORE ORDERED that:

(1) DEFENDANT'S MOTION FOR TAXING OF COSTS, ITEMIZED COST BILL AND AFFIDAVIT (Doc. 423) is GRANTED in part and DENIED in part;

(2) Defendant is awarded $23,797.68 in taxable costs against Plaintiff, which includes $19,804.36 for deposition transcription, $200.59 for copying and printing of trial documents, $480.00 for lay witness fees, and $3312.73 for lay witness travel expenses ($1762.81 for mileage, $67.50 for parking, $1017.77 for lodging, and $464.65 for meals);

(3)     The Court denies Defendant's request for reimbursement of $28,311.41, the total amount Defendant attributed to $18,446.37 in expert witness fees, $101.01 in rental car fees, $771.77 in Federal Express delivery charges, and $8992.26 for the travel expenses of defense counsel.

_____
SENIOR UNITED STATES DISTRICT JUDGE